FIELDING et al. v. CROUSE–HINDS ELECTRIC CO.

(Circuit Court of Appeals, Second Circuit. April 30, 1907.)

No. 260.

PATENTS—INVENTION—ELECTRICAL RECEPTACLE.

    The Fielding patent No. 714,290, for an electrical receptacle which covers an improvement on the device of the patentee's earlier patent No. 660,-154, is void for lack of invention.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decree of the circuit court, Southern District of New York, dismissing the bill. The suit was brought for infringement of Letters Patent No. 714,290, issued Nov. 25, 1902, on application filed January 18, 1902, to Philip H. Fielding for an electrical receptacle. The patent describes the device as an improvement upon the device described in prior letters patent to the same Fielding No. 660,154 issued October 23, 1900. The opinion of the circuit court is reported in 148 Fed. 230; it sets forth the facts with sufficient fullness.

W. C. Stockbridge and Hubert Howson, for appellants.

A. E. Parsons and W. A. Redding, for appellee.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

PER CURIAM. It is evident from the opinion that the judge who heard the cause at circuit was induced to find patentable invention solely because of the testimony as to large sales. He says: "The testimony indicates that the improvements, though narrow, were quickly appreciated by the public and therefore any doubt which may exist * * * may fairly be resolved in favor of the patent." The evidence showed for the year ending October 1, 1902, sales of 151,-218 receptacles; for year ending October 1, 1903, 252,989; for year ending October 1, 1904, 252,191; for year ending October 1, 1905, 379,783. This was accomplished by methods of advertising, circularizing and placing the device on the market, at a cost of several thousand dollars. As a result the device has practically supplanted older types. The difficulty with this testimony however is, that the "device" the witnesses are talking about, is the "Fielding device," which contains all the features which are pointed out in both of the patents above referred to. The utmost that could be claimed for the testimony is that it shows an appreciation of the device as an entirety. It is valueless as evidence that the "improvement" set forth in the second patent which is the only one sued upon, required any more than the ordinary skill of the art, after the first patent had shown a device which did away with the necessity of cutting away the moulding, or of splicing the circuit wires or of leaving terminals and wires exposed, which were disadvantages inhering in the earlier type.

The district judge has very fully set forth the device of the first patent, the "improvement" of the second patent and the prior art; it is

unnecessary to repeat the descriptions. To protect contact points so that an arc cannot obtain access to the supporting surface was an important and well-known feature of correct installation of electric devices, and the method adopted by Fielding (when he found that the device of his first patent had that particular defect) to conform it to the canons of correct construction was surely too obvious to be considered an invention.

The decree is affirmed with costs.